**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | |
| **v.** | ) | **COMPLAINT** |
| **PROVIDENCE HOSPITAL,** | ) | **JURY TRIAL DEMAND** |
| **Defendant.** | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Louise McFadden ("McFadden") who was adversely affected by such practices. The Equal Opportunity Commission (the "Commission") alleges that Providence Hospital ("Defendant") failed to provide McFadden with a reasonable accommodation for her disability, and subsequently discharged her from her position as a Medical Assistant because of her disability, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Columbia.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in Washington, D.C. and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, McFadden filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Defendant hired McFadden on or about December 22, 2005 as a Medical Assistant in Defendant's Center for Life. As a Medical Assistant, McFadden's responsibilities included triaging patients, giving injections, preparing charts, taking vital signs, scheduling

appointments and assisting physicians with various procedures. At all relevant times, McFadden was qualified to perform the essential functions of her position and performed her duties at a level that met defendant's legitimate expectations.

9. From approximately May 20, 2011 until approximately August 24, 2011, Defendant engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b). As described more fully below, Defendant discriminated against McFadden, who has a disability as defined by the ADA, by failing to provide her with a reasonable accommodation and by terminating McFadden because of her disability.

10. During all times relevant to the allegations in this complaint, McFadden had an actual disability as defined by the ADA. Specifically, McFadden suffers from spondylolisthesis, an impairment of her spine, which causes severe pain and substantially limits the function of her musculoskeletal system. McFadden also suffers from a bulging disk and from arthritis in her knees, her right knee in particular which is prone to occasional buckling. McFadden's spinal and knee conditions impair McFadden's ability to consistently support the weight of her body without reliance on an assistive device for stability. From on or about March 20, 2011, through the present McFadden has, on doctor's orders, used a cane or other assistive device for stability when walking. McFadden is also substantially limited in walking.

11. Around March 20, 2011, McFadden fell and sprained her right knee. On or about April 8, 2011, McFadden was released by her doctor to return to work without any work restrictions. However, McFadden was instructed by her physician to continue to use the cane for ambulation and to continue physical therapy for her knee. After her return to work on or about April 8, 2011, McFadden utilized a cane and other external sources of support in the performance of her Medical Assistant duties.

12. On or about May 17, 2011, McFadden's supervisor (hereafter "Practice Manager"), questioned McFadden about her use of a cane. McFadden explained why she was using the cane. That day, McFadden was instructed by Defendant that she would need to obtain a doctor's note with her physical limitations outlined so she could be cleared to continue working. McFadden was instructed to produce the physician's note to Defendant's Occupational Health Services department ("OHS") by May 20, 2011.

13. On or about May 20, 2011, McFadden met with a Nurse Practitioner ("Nurse Practitioner I") in Defendant's OHS department and provided Nurse Practitioner I with a note from McFadden's physical therapist. The note indicated that McFadden was undergoing physical therapy and needed to use a "straight cane for the next two weeks". Upon receiving the physical therapist's note, Nurse Practitioner I informed McFadden that McFadden could not return to work until she received medical clearance to return to work without using any assistive device, including her cane.

14. On the same day, on or about May 20, 2011, McFadden met with Defendant's HR Generalist. McFadden asked about open positions where she could work while using a cane, but was told that none were available at the time. The HR Generalist told McFadden that she would contact her about future vacancies when they became available. McFadden never heard back from the HR Generalist. McFadden was placed on leave under the Family and Medical Leave Act ("FMLA").

15. On or about May 30, 2011, Defendant's Practice Manager and/or the Department Director called McFadden and offered her a receptionist position, which was a sedentary position that McFadden was fully qualified for. On or about June 7, 2011, McFadden met with a second nurse in Defendant's OHS department (hereafter "Nurse Practitioner II"), to seek clearance to

return to work as a medical assistant or, if that was not possible, in the receptionist position. McFadden provided Nurse Practitioner II with a doctor's note dated June 6, 2011. The note released McFadden to return to full duty but indicated that she needed to continue to use a cane to ambulate. Nurse Practitioner II told McFadden that she could not allow McFadden to return to work in any position until she was cleared to work without a cane.

16. McFadden's FMLA leave expired on or about August 23, 2011. Defendant terminated McFadden on August 24, 2011 because she was not allowed to return to work because of her need to use a cane to ambulate. McFadden continues to use a cane currently due to her spinal and knee impairments..

17. At all relevant times, McFadden was a qualified individual with a disability who could perform the essential functions of her job with the reasonable accommodation of the use of a cane and/or reassignment. Prior to working for Defendant as a Medical Assistant, McFadden had previously worked as a medical assistant for approximately nine years for other employers. She also had experience working as a medical records clerk and as a medical administration clerk. McFadden possesses a high school diploma as well as medical assistant and phlebotomy certificates.

18. McFadden met the minimal qualifications for and could have performed several positions that were vacant at the time she was placed on FMLA leave, on May 20, 2011, or that became vacant before her termination, on August 24, 2011. Such positions include but are not limited to unit secretary, front desk registration and possibly others.

19. Defendant refused to provide McFadden with an accommodation for her disability for the period from May 20, 2011 through her termination on August 24, 2011. Rather, Defendant discharged McFadden because of her disability when it decided she could not return

to work performing her job and/or any other job with Defendant while using a cane. Both Defendant's failure to provide McFadden with a reasonable accommodation and subsequent termination of McFadden's employment because of her disability, were in violation of the ADA.

20. The effect of the practices complained of above has been to deprive McFadden of equal employment opportunities and otherwise adversely affect her employment status because of her disability.

21. The unlawful employment practices complained of above were intentional.

22. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of McFadden.

## **PRAYER FOR RELIEF**

Wherefore the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from discriminating against individuals because their disabilities, including discrimination in hiring and firing; failing to provide reasonable accommodations; and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make McFadden whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make McFadden whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

E. Order Defendant to make McFadden whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay McFadden punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 9th day of December, 2013.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M. Street, NE
Fourth Floor, Suite 4NWO2F
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney
KARA GIBBON HADEN
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

/s/ ___Amy E. Garber_________________
AMY E. GARBER
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, VA 23510
Telephone: (757) 441-3134
Facsimile: (757) 441-6720
Email: amy.garber@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**